The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on eleven questions concerning Regulation 18-04 (the "Regulation") of the Arkansas State Game and Fish Commission (the "Commission"). The Regulation provides:
 HUNTING FROM ROAD PROHIBITED. It shall be unlawful to hunt from, or shoot across any city, county, state, or federally maintained road or the right-of-way thereof. It shall also be unlawful to hunt from or shoot across the main west levee of the Mississippi River from the Louisiana-Arkansas State Line to the intersection of State Highway 11 north of Grady, Lincoln County, Arkansas. NOTE: It shall be prima facie evidence during modern gun and muzzleloading deer season that a person is hunting if the person is in possession of a loaded firearm on any city, county, state, or federally maintained road or the right-of-way thereof in an area in which wild game is likely to be present. Firearms being carried in a motor vehicle or conveyance must be unloaded and enclosed in a case or placed in a gun rack (unloaded) while on any city, county, state or federally maintained road or the right-of-way thereof in an area in which wild game is likely to be present. It shall also be unlawful to hunt within 50 yards from the center of any city, county, state, or federally maintained road during any modern gun season.
EXCEPTIONS:
 (1) Handguns carried in a motor vehicle for purpose other than hunting.
 (2) Persons engaged in a lawful action to protect their livestock or property.
(3) Law enforcement officials in respect to the official job duties.
PENALTY: $100.00 TO $1,000.00.
Commission Regulation 18-04 [emphasis supplied].
The Circuit Court of Garland County recently entered an order declaring invalid, on several constitutional grounds, the portion of the Regulation emphasized above (i.e., the third and fourth sentences of the Regulation, exclusive of its title). See Murders et al. v. Arkansas Gameand Fish Comm'n, No. CIV 95-518 (Garland County Cir. Dec. 8, 1995) (order granting declaratory judgment). The time during which the Commission may file a notice of appeal has not yet passed, see Ark. Rules of App. Proc. Rule 4(a), and the litigation therefore may not be finally concluded. As alluded to in your request, it is this office's longstanding policy not to issue opinions with respect to matters that are the subject of pending litigation. Your questions primarily address the bounds of the Commission's constitutional authority, and the delineation between the authority of the Commission and that of the General Assembly, with respect to firearms, matters that were very much at issue before the Circuit Court and that I would expect to be revisited on any appeal. I must therefore decline to issue an opinion that is responsive to your first nine questions or to your final question. Because it concerns the Commission's authority in general, without reference to the Regulation or similar matters, I can, however, issue an opinion with respect to your tenth question, which is:
 Does the Game Fish Commission have the power and authority to establish rules and regulations that are criminal penalties in application?
In my opinion, the answer to this question is "yes." This question was recently addressed, and the reasons for my conclusion are set forth, in Op. Att'y Gen. 95-338, a copy of which I am enclosing for your information.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh